UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. ROWAN FOWLER;<br>2. ALLISTER HALL; and<br>3. C.R.,<br>        *Plaintiffs*,<br>v.<br>1. KEVIN STITT, in his official capacity as Governor of the State of Oklahoma;<br>2. KEITH REED, in his official capacity as Commissioner of Health for the Oklahoma State Department of Health; and<br>3. KELLY BAKER, in her official capacity as State Registrar of Vital Records,<br>        *Defendants*. | Case No.: 22-CV-00115-GKF-SH<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

**Date of Conference**: August 17, 2022

**Appearing for Plaintiffs**: Shelly L. Skeen, Nicholas Guillory, and Peter C. Renn

**Appearing for Defendants**: Audrey A. Weaver

**Jury Demanded**: No

**I.   Summary of Claims**:

    Plaintiffs are transgender Oklahomans who challenge the constitutionality of the government's categorical refusal to correct the birth certificates of transgender people born in Oklahoma to accurately reflect their sex, consistent with their gender identity (the "Birth Certificate Policy").

    The Birth Certificate Policy began in late 2021. Previously, the Oklahoma State Department of Health (OSDH) allowed transgender people to correct their birth certificates to match their gender identity. However, on November 8, 2021, Governor Stitt issued Executive

1

Order 2021-24 asserting that Oklahoma law does not "provide OSDH or others any legal ability to in any way alter a person's sex or gender on a birth certificate." In compliance with the Governor's enforcement of the Executive Order, Defendants Keith Reed and Kelly Baker, who are officials at OSDH, have refused to provide transgender persons born in Oklahoma with birth certificates that accurately reflect their sex, consistent with their gender identity, even where such persons have presented court orders requiring such corrections. In contrast to Oklahoma's new policy, which is not required by any Oklahoma statute, at least 47 other states permit transgender people to correct the gender markers on their birth certificates to match their gender identity.

The Birth Certificate Policy violates the Constitution in at least three ways. First, it discriminates against transgender people based on their transgender status and sex-related considerations in violation of the Equal Protection Clause of the 14th Amendment. Plaintiffs are deprived of birth certificates matching their gender identity whereas others born in Oklahoma, who are not transgender, are not deprived of such certificates. Second, it deprives Plaintiffs of liberty under the Due Process Clause of the 14th Amendment, including by violating their fundamental right to privacy. The involuntary disclosure of one's transgender status can expose transgender persons to harassment, discrimination, and even violence. Third, the Birth Certificate Policy violates the First Amendment by compelling Plaintiffs to disclose their transgender status, by preventing them from accurately expressing their gender when they present their birth certificates to others, and by forcing them to endorse the government's position as to their own gender.

A. Claims to be Dismissed:

Not applicable at this time

## II. Summary of Defenses:

Plaintiffs' suit challenges the constitutionality of Oklahoma law and a November 2021 Executive Order prohibiting the retroactive alteration of an individual's birth sex marker on state-issued birth certificates ("Birth Certificate Law"). *See* 63 O.S. § 1-321; Exec. Order No. 2021-24 (Nov. 8, 2021). Because State officials enforce the Birth Certificate Law and refuse to alter the sex reported on Plaintiffs' birth certificates to conform to their current gender identities, Plaintiffs allege the Defendants violate the Free Speech Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Due Process Clause of the Fourteenth Amendment. Each of Plaintiffs' claims fails as a matter of law.

Plaintiffs' requested relief seeks to compel the State to alter objective, factual information reported *about birth*, *at the time of birth*, and *in a record that functions to document birth*. The State's inclusion of (and refusal to amend) birth sex on a birth certificate does not compel Plaintiffs to speak or even implicate Plaintiffs' private speech. Plaintiffs' claim, on the other hand, would compel the State to speak a certain way in its own government-issued and maintained records, including by erasing any records reflecting anything other than an individual's preferred gender identity.

While Plaintiffs summarily claim the Birth Certificate Law discriminates on the basis of sex, they have no evidence of sex discrimination, and their legal theory regarding suspect classes

2

actually supplants sex with subjective gender identity. There is no serious dispute that the Birth Certificate Law is facially neutral as to everyone and does not discriminate between the two sexes or otherwise. Plaintiffs' claim is a trojan horse that outwardly professes to protect transgender individuals from discrimination but inwardly ushers in the destruction of sex classifications altogether. It conflates gender identity with sex and undermines the established distinction between the two.

Plaintiffs' claim that the inclusion of (and refusal to amend) birth sex on a birth certificate somehow violates a right to privacy in their transgender status is even less availing. Disclosing birth sex does not directly disclose transgender status, which requires knowledge of both birth sex and current gender identity. But even assuming some constitutional right to informational privacy exists, which is questionable at best, birth sex is not the type of confidential, personal, or medical information that if disclosed would shock the conscience. And in any event, Plaintiffs fail to establish that the State's inclusion of birth sex on a birth certificate constitutes a third-party government disclosure.

      A. Defenses to be Abandoned:  None

**III.**    **Motions Pending** (Include Docket Number, Description and Date at Issue)**:**

Plaintiff C.R.'s Motion to Proceed Pseudonymously and Brief in Support [Doc. #4] was filed on March 14, 2022.  Defendants' Response and Objection [Doc #25] was filed August 26, 2022.  Plaintiffs' reply is currently due September 9, 2022, although Plaintiffs anticipate seeking an extension of time in coordination with their opposition to Defendants' Motion to Dismiss.

Defendants' Motion to Dismiss and Brief in Support [Doc # 24] was filed on August 26, 2022.  Plaintiffs' response is currently due September 16, 2022, although Plaintiffs also anticipate seeking an extension of time to file their opposition to the Motion to Dismiss as noted above.

**IV.**    **Stipulations:**

    A. Jurisdiction Admitted:    **Yes**    No (If no, explain.)

    B. Venue Appropriate:    **Yes**    No (If no, explain.)

    C. Facts:

None at this time.

    D. Law:

None at this time.

**V.**    **Proposed Deadlines:**

    A. Parties to be Added by:

Monday, October 17, 2022

    B.  Proposed Discovery Cutoff Date (4 Months of Discovery Unless Extended by the Court for Good Cause):

Defendants contend discovery is only needed in the event any factual issues remain after resolution of Defendants' Motion to Dismiss [Doc #24] and any other dispositive motion filed by Defendants. Plaintiffs disagree because delaying discovery would compromise their ability to prosecute their claims, and the ongoing deprivation of constitutional rights constitutes irreparable harm.

Without waiving the same, the parties jointly request discovery to be no fewer than 8 months in light of the constitutional claims at issue, the governmental justifications that may be offered, the anticipated burden that Defendants contend would exist in conducting discovery inquiries, and the impact that the Court's ruling may have.

    C.  Fact Witness Lists to be Exchanged by:

Monday, January 16, 2023

    D.  Proposed Date for Expert Reports by Plaintiff and Defendant:

Friday, February 17, 2023

**VI.  Fed. R. Civ. P. 26(f) Discovery Plan**

    A.  Should any changes be made to the timing, form, or requirements for disclosures under Rule 26(a)?

    Yes, as to timing.

    B.  When were or will initial disclosures under Rule 26(a)(1) be made?

Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a magistrate judge for resolution. Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner may result in sanctions, including prohibiting the use of that information at trial pursuant to Rule 37(c)(1).

Initial disclosures will be made by Plaintiffs and Defendants no later than Wednesday, September 21, 2022.

C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?

Defendants request discovery be stayed until resolution of the Defendants' Motion to Dismiss [Doc #24] because Defendants anticipate resolution of the Motion may narrow or clarify the scope of discovery. Plaintiffs oppose Defendants' request, which seeks to deviate from the ordinary rules of discovery and would require Defendants to file a motion in any event, because it would substantially delay the ultimate resolution of this case, and because the ongoing deprivation of constitutional rights constitutes irreparable harm.

D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?

No.

E. Proposed Number of Fact and Expert Depositions:

1. To be allowed for Plaintiff?

   Up to 10

2. To be allowed for Defendant?

   Up to 10

F. Is there a need for any special discovery management order(s) by the Court?

   No

G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

**VII. Anticipated Dispositive Motions?**

Plaintiffs: Yes, Plaintiffs anticipate filing a motion for summary judgment.

Defendants: Yes, Defendants have filed a Motion to Dismiss [Doc #24] and, if denied, anticipate filing a motion for summary judgment.

**VIII. Do all parties consent to trial before the assigned magistrate judge?**

No.

       If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

IX. **Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**

       No.

       If yes, please email a completed, proposed Consent to Magistrate Disposition Motion (AO 085A) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

X. **Settlement Plan** (Check one):

       Settlement Conference Requested After:

       Because this case concerns the constitutionality of a governmental policy, the parties do not believe that a settlement conference would be appropriate.

       Describe Settlement Judge Expertise Required, If Any:

       N/A

       Private Mediation Scheduled On:

       Other ADR (Explain):

       ADR Appropriate:

       Copy of the Court's ADR Booklet Provided to Clients as Required?

           Plaintiffs:       N/A

           Defendants:     N/A

XI. **Does this case warrant special case management?**

       No

XII. **Do the parties request that the Court hold a scheduling conference?**

No

If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

**XIII. Estimated Trial Time:**

5 days

DATED: August 31, 2022

| | |
|---|---|
| Respectfully submitted, | Karen Keith Wilkins, OBA# 21005 |
| | 1515 S. Denver Ave. |
| /s/ Shelly L. Skeen | Tulsa, OK 74119 |
| Shelly L. Skeen* | Telephone: (918) 599-8118 |
| Nicholas Guillory* | Fax: (918) 599-8119 |
| LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. | karen@wilkinslawtulsa.com |
| 3500 Oak Lawn Ave, Ste. 500 | |
| Dallas, TX 75219 | |
| Telephone: (214) 219-8585 | |
| Fax: (214) 481-9140 | |
| sskeen@lambdalegal.org | |
| nguillory@lambdalegal.org | |

Peter C. Renn*
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
4221 Wilshire Boulevard, Ste. 280
Los Angeles, CA 90010
Telephone: (213) 382-7600
Fax: (213) 402-2537
prenn@lambdalegal.org

*Attorneys for Plaintiffs*

*Admitted *pro hac vice*

Respectfully submitted,

/s/ Audrey A. Weaver
ZACH WEST, OBA #30768
Solicitor General
AUDREY A. WEAVER, OBA #33258
Assistant Solicitor General
OFFICE OF ATTORNEY GENERAL

STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Zach.west@oag.ok.gov
Audrey.weaver@oag.ok.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on August 31, 2022, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to all ECF registrants, including counsel for Defendants Kevin Stitt, Keith Reed, and Kelly Baker.

ZACH WEST, OBA #30768
Solicitor General
AUDREY A. WEAVER, OBA #33258
Assistant Solicitor General
OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Zach.west@oag.ok.gov
Audrey.weaver@oag.ok.gov

Date: August 31, 2022.

                                                /s/ Shelly L. Skeen
                                                Shelly L. Skeen
                                                LAMBDA LEGAL DEFENSE AND
                                                EDUCATION FUND, INC.
                                                3500 Oak Lawn Ave, Ste. 500
                                                Dallas, TX 75219
                                                Telephone: (214) 219-8585
                                                Fax: (214) 481-9140
                                                sskeen@lambdalegal.org