IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ROWAN FOWLER, et al.,

    Plaintiff,

v.

KEVIN STITT, et al.,

    Defendant.

Case No. 22-CV-115-GKF-SH

## ORDER

Before the court is the Motion to Proceed Pseudonymously, [Doc. 4], of Plaintiff C.R. Defendants have responded to the motion, [Doc. 25], and plaintiffs have replied. [Doc. 34]. For the reasons set forth below, the motion is denied.

### I. Background

Plaintiff C.R. is a transgender man born and living in Oklahoma who, along with two additional named plaintiffs, has brought this challenge to the constitutionality of the State of Oklahoma's policy of prohibiting transgender people born in Oklahoma from changing the gender marker on their birth certificates to match their gender identity. C.R. seeks the court's permission to bring this action under an assumed name, using his initials, for the purpose of protecting his identity from public disclosure. [Doc. 4, p. 2].

### II. Analysis

Federal Rule of Civil Procedure 10 generally requires that a complaint include the names of all parties. Fed. R. Civ. P. 10(a). In addition, Rule 17 specifically states that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Both parties recognize that "[p]roceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v.*

*Zavaras*, 139 F.3d 798, 800 (10th Cir.1998)). Both parties also agree that, despite the general hesitancy to allow parties to proceed pseudonymously, there are certain "exceptional circumstances" that may "warrant[] some form of anonymity in judicial proceedings." *Femedeer*, 227 F.3d at 1246. These exceptional circumstances are generally limited to "cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir.1992)). "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer*, 227 F.3d at 1246.

The 10th Circuit has said that "[t]he issue of pseudonymity requires weighing the scales between the public's interest and the rights to privacy advanced by the movant." *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998). Defendants argue that the public has a substantial interest in access to legal proceedings, especially those proceedings that, like here, challenge the constitutionality of the actions of elected officials. [Doc. 25, p. 4]; s*ee Femedeer*, 227 F.3d at 1246. Plaintiffs argue that C.R.'s transgender status and related medical information would be publicly disclosed if C.R. were required to proceed in true name and that such information is deeply personal and sensitive. [Doc. 4, p. 1]. Plaintiffs further argue that disclosure of C.R.'s identity in this litigation "would expose him to the risk of stigmatization, discrimination, harassment, and violence." [Doc. 4, p. 7].

The court acknowledges that the interests underlying the parties' competing positions are significant. The public has a substantial interest in access to legal proceedings, especially those as impactful as the one here. C.R. has an interest in his privacy and being free from harassment and violence. In cases where the party seeks to prevent disclosure of sensitive information that has already been disclosed during a party's prior litigation under their real name, however, "the

2

social interest in allowing a party to proceed anonymously is limited." *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (unpublished)[1] (citing *M.M.*, 139 F.3d at 802). Here, C.R. filed for a legal name change in the District Court for Creek County and, as required, published information related to the name change request in the local newspaper.[2] The court agrees with plaintiff that there is, in general, a difference between a "garden-variety name change" and a federal lawsuit, and the resulting public exposure associated with each. [*See* Doc. 34, p. 8-9]. In their complaint in this federal lawsuit, however, plaintiffs chose to include enough specific details related to C.R.'s name change proceeding that C.R.'s true identity can be found—based on the provided information alone—with relative ease.

Because proceeding under a pseudonym in federal court is generally disfavored and C.R. effectively waived the opportunity to remain anonymous by including enough detail in the complaint to easily be identified in other publicly available proceedings, the motion to proceed pseudonymously must be denied.

### III. Conclusion

WHEREFORE, Motion to Proceed Pseudonymously [Doc. 4] is denied.

IT IS SO ORDERED this 11th day of October, 2022.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE

---

[1] "Unpublished decisions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A).

[2] The court takes judicial notice of matters that are public record in state court proceedings. *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").