UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ROWAN FOWLER, *et al.*,

        *Plaintiffs,*

v.

KEVIN STITT, *et al.*,

        *Defendants.*

No. 22-CV-00115-GKF-SH

## DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS

Defendants, Kevin Stitt, Keith Reed, and Kelly Baker, all in their official capacities, respectfully request this Court stay all discovery until an order is issued on Defendants' Motion to Dismiss, Doc. 24. Good cause exists for a stay of discovery because resolution of Defendants' Motion to Dismiss could dispose of all or part of Plaintiffs' claims, therefore impacting the permissible scope of discovery. Defendants will therefore experience unnecessary burden, expense, and prejudice if discovery is allowed to advance before this Court enters its ruling on the Defendants' Motion to Dismiss. In support, Defendants show the Court the following:

### BACKGROUND

1. On March 14, 2022, Plaintiffs filed the above-styled action and on July 29, 2022, Plaintiffs filed their First Amended Complaint. *See* Doc. 2; Doc. 21.

2. On August 26, 2022, Defendants filed their Motion to Dismiss and Brief in Support, Doc. 24.

3. On August 31, 2022, the Parties filed their Joint Status Report and Discovery Plan, forecasting the dispute presented in this Motion: whether discovery should be stayed until dispositive motions are resolved. *See* Doc. 26 at 4-5.

4. On September 1, 2022, this Court entered a Minute Order in response to the Parties' Joint Status Report and Discovery Plan, finding, pursuant to Fed. R. Civ. P. 16(b)(2), "good cause for delay in issuing a scheduling order in this case until resolution of pending motions." *See* Doc. 27.

1

5. By October 14, 2022, Defendants' Motion to Dismiss was fully briefed and pending before the Court.

6. On January 3, 2023, Plaintiffs served their First Requests for Admission, attached as Ex. 1, First Request for Production of Documents, attached as Ex. 2, and First Set of Interrogatories, attached as Ex. 3 (collectively "Plaintiffs' First Discovery Requests").

7. Pursuant to Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 36(a)(3), Defendants' response to Plaintiffs First Discovery Requests are due February 2, 2023.

8. Pursuant to LCvR7-1(c), the undersigned counsel contacted Plaintiffs' counsel to inquire whether Plaintiffs would oppose the requested relief. Plaintiffs' counsel communicated that Plaintiffs oppose the requested relief.

## ARGUMENT AND AUTHORITIES

The Court has wide discretion to stay discovery and pre-trial matters, incident to its inherent authority to control its own docket. *See Landis v. North American Co.*, 299 U.S. 248 (1936) (holding that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.") (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763, 51 S.Ct. 304 (1931)); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (same); *see also* Doc. 27. It is also "well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) (citations omitted); *see also, e.g.*, *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

Furthermore, "[e]specially in cases of extraordinary public moment, [a party] may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Clinton*, 520 U.S. at 707 (citing *Landis*, 299 U.S. at 256). This principle is echoed by Fed. R. Civ. P. 26(c), which directs that a protective order may be issued "for good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

Although discovery stays are not granted as a matter of course, they are appropriate "where the case is likely to be finally concluded as a result of the ruling thereon, where the facts sought through uncompleted discovery would not affect the resolution of the motion, or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Samson Res. Co. v. J. Aron & Co.*, 08-CV-752-TCK-SAJ, 2009 WL 1606564, at *1 (N.D. Okla. June 8, 2009) (citation omitted). This Court has further adopted five factors for evaluating whether good cause exists to stay discovery: "(1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Hellard v. Mid Century Ins. Co.*, 19-CV-43-GKF-FHM, 2019 WL 11791771, at *1 (N.D. Okla. Apr. 10, 2019) (citation omitted).

Here, all factors weigh in favor of staying discovery until this Court issues a decision on Defendants' Motion to Dismiss. First, any prejudice from delay Plaintiffs may experience is minimal, as no scheduling order has been entered[1] and the case is still in its infancy. Staying discovery will not cause undue delay or prejudice, and Plaintiffs will have ample opportunity to engage in any appropriate discovery once the Motion to Dismiss is resolved. Additionally, Plaintiffs' claims present questions of law that will require little, if any, fact-finding or discovery for resolution in the first place, further

---

[1] In fact, this Court found good cause existed to delay the issuing of a scheduling order until resolution of pending motions. *See* Doc. 27. Thus, it is unlikely a scheduling order will be entered prior to resolution of Defendants' Motion to Dismiss.

reducing any potential for prejudice. As a compelling example, no information obtained through discovery would be relevant to the pending motion to dismiss, which has been fully briefed and submitted to the Court. *See, e.g.,* Doc. 24 at 2 (arguing that because "Plaintiffs' far-sweeping constitutional theories have no basis in law[,] . . . **no set of facts** could establish a plausible claim for relief, and dismissal under Fed. R. Civ. P. 12(b)(6) is proper.") (emphasis added).

Second, the burden and cost on Defendants in conducting discovery will be significant, as illustrated by the far-sweeping nature of Plaintiffs' First Discovery Requests. On page one of their Requests for Production, Plaintiffs define "Defendant" and "You" as the named Defendant, as well as "all agents, employees, staff, officers, directors, independent contractors, consultants, and third parties, including individuals and entities, over whom Defendants have direct or indirect control for each Defendant, . . . as well as any other person or entity acting for or on behalf of any of the Defendants." Ex. 2 at 1. The Oklahoma Department of Health employs around 2,000 people. Further, Plaintiffs' discovery requests demand documents such as "[a]ll electronic communications" between "any Oklahoma State Department of Health official or employee" on certain subjects since "January 1, 2015"—a temporal scope of **over eight years**. *See* Ex. 2 at 12. The amount of time and expense it would take to inquire, review, and/or produce responsive information for essentially all 2,000 employees of the Oklahoma State Department of Health over a period of eight years is immeasurable.

More importantly, in the event this Court grants all or part of Defendants' motion to dismiss, *any burden* placed upon Defendants through discovery will be unwarranted, unreasonable, and prejudicial. In other words, discovery on all issues under the complaint at this juncture would be unnecessary, wasteful, and burdensome, given a ruling on Defendants' motion to dismiss may limit the scope of discovery or eliminate the need for discovery altogether. *See, e.g., LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003) (affirming a magistrate judge did not abuse his discretion in staying discovery pending a ruling on a motion to dismiss, in part because "if the motion to dismiss were

4

granted, the depositions would be unnecessary."). As a result, permitting discovery at this juncture would place an unreasonable and unnecessary burden on Defendants.

Third, a discovery stay will convenience this Court and the interests of judicial economy. A stay will allow this Court to focus its time and effort on the task of resolving the pending Motion to Dismiss, without the interruption of ancillary discovery disputes that will likely arise in the interim in the absence of a stay.[2] Finally, the interests of third parties and the public will be furthered by a discovery stay. A discovery stay would, for example, forbid the parties from inconveniencing third parties with subpoena requests until the proper scope of discovery is known through resolution of Defendants' Motion to Dismiss. What's more, any undue expense placed upon the State is ultimately an undue expense placed upon the taxpayers and the public. Therefore, the public interest weighs against such unnecessary burdens being placed upon the State while a dispositive motion is pending.

## **CONCLUSION**

For the same reasons good cause existed for delay in the issuing of a scheduling order in this case until resolution of pending motions, *see* Doc. 27, good cause likewise exists for a stay of all discovery until resolution of Defendants' Motion to Dismiss. Defendants will experience unnecessary burden, expense, and prejudice if discovery were allowed to advance before this Court enters its ruling on the Motion to Dismiss. Resolution of Defendants' Motion to Dismiss could dispose of all or part of Plaintiffs' claims, therefore impacting the permissible scope of discovery. Accordingly, the interests of judicial economy, and the public interest, favor staying discovery pending the resolution of Defendants' Motion to Dismiss.

---

[2] Moreover, these discovery disputes could be affected or resolved entirely by this Court's ruling on the Motion to Dismiss.

Respectfully submitted,

*s/ Audrey A. Weaver*
ZACH WEST, OBA #30768
  *Director of Special Litigation*
AUDREY A. WEAVER, OBA #33258
  *Assistant Solicitor General*
OFFICE OF ATTORNEY GENERAL
  STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:     (405) 521-3921
Zach.west@oag.ok.gov
Audrey.weaver@oag.ok.gov
*Counsel for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants with entries of appearance filed of record.

s/*Audrey A. Weaver*  
Audrey A. Weaver