# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROWAN FOWLER, *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> KEVIN STITT, *et al.*, <br> *Defendants*. | Case No.: 22-CV-00115-GKF-SH |

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs request that all Defendants produce the documents and items requested below for inspection and copying and serve copies to counsel for Plaintiffs within thirty (30) days of the date that appears on the attached Certificate of Service. This request is continuing in nature as provided in Fed. R. Civ. P. 26(e) and should be answered in accord with the following Definitions and Instructions.

### DEFINITIONS

1. "Defendant," "Defendants," and "You" refer to Defendants Kevin Stitt, in his official capacity as the Governor of the State of Oklahoma and in his capacity as the person who oversees Oklahoma State Department of Health, Keith Reed, in his official capacity as the Commissioner of Health for the Oklahoma State Department of Health, and Kelly Baker, in her official capacity as State Registrar of Vital Records, and in their official capacities as government officials for the State of Oklahoma, and these terms include all agents, employees, staff, officers, directors, independent contractors, consultants, and third parties, including individuals and entities, over whom Defendants have direct or indirect control for each Defendant, the Oklahoma

1

State Department of Health, and the Oklahoma Office of Vital Statistics, as well as any other person or entity acting for or on behalf of any of the Defendants.

2. "Identify" has the following meanings:

    a. When used in reference to an individual, it means to state a person's full name, present or last known business address and business telephone number, present or last known employer and job title, e-mail address, and, if no business address or telephone number is available, present or last known home address and home telephone number.

    b. When used in reference to an oral communication, it means to describe the communication by stating the date and place where it was made; to identify the maker and each recipient in addition to all the other persons present; to summarize the substance of the communication, and to indicate the method of communication (in person, telephonic, etc.). Please note that when identifying the date of an oral communication, the precise date must be given. If only an approximate date is given, it will be presumed that Defendants have no specific knowledge as to the exact date.

    c. When used in reference to a document or documentary evidence, it means to state the type of document (e.g., letter, memorandum, email, chart), its author and originator, its date or dates, all addressees and recipients, its present location or custodian, the topics dealt with therein with a degree of particularity sufficient for a demand for production, and any identifying marks, numerals, code words or letters distinguishing it from other like documents. If any such document was, but no longer is, in any Defendant's possession or subject to any Defendant's

custody or control, state what disposition was made of it—for example, destruction or transfer to a different named individual or entity. Documents to be identified shall include all documents in any Defendant's possession, custody, or control and all of the documents of which any Defendant has knowledge. Defendants may supply a document in lieu of identifying it, so long as they clearly label the Document to indicate the Interrogatory to which the Document responds.

3. "Person" shall mean any natural person or business, non-profit, legal or governmental entity or association.

4. The terms "concerning," "showing," "regarding," and "relating to" include referring to, alluding to, responding to, connected with, commenting on, in respect of, about, discussing, summarizing, showing, describing, reflecting, analyzing, constituting, or in any which way relevant to the specified subject within the meaning of Fed. R. Civ. P. 26.

5. "Document" has the full scope and meaning of the term appearing in the Federal Rules of Civil Procedure and any applicable local rules and also means the original, each non-identical copy (whether different from the original by means of notes made on such copy or otherwise) and (if the original is not in existence or subject to any Defendant's control) each copy, regardless of origin or location, of any handwritten, typewritten, printed, recorded, transcribed, punched, taped, tape recorded, photocopied, photostatic, telex, filmed, microfilmed or otherwise prepared material, however produced or reproduced, which is in any Defendant's possession, custody or control, or in the possession, custody and control over whom any Defendant has the right of control, including, but not limited to, all papers, letters, correspondence, electronic mail, catalogs, advertisements, telegrams, telexes, cables, memoranda, or minutes of meetings of

conversations (personal or telephonic), desk pads, calendars, diaries, telephone pads, travel and expense records, reports, summaries, surveys, analyses, ledgers, journals and other formal or informal books of record or account, bulletins, instructions, agreements, legal documents, billing records, telephone toll records, drafts, notebooks, worksheets, attorneys' and accountants' invoices, audits and audit records, purchase orders, accounting worksheets, time records, canceled checks, vouchers, check stubs and writing of every description, including drawings, post-it notes, graphs, charges, photographs, films, recordings, transcriptions of recordings, computer tapes and printouts, and other data or compilations from which information can be obtained and translated, if necessary, by any Defendant into a reasonably usable form.

6. "Birth Certificate Policy" and "Policy" mean the following: each Defendant's policy and practice of refusing to provide transgender people with birth certificates that match their gender identity, including the refusal to correct the gender markers on transgender people's birth certificates to match their gender identity, and/or each Defendant's refusal to provide a birth certificate matching a transgender person's gender identity without the inclusion of revision history that discloses a person's transgender status, such as a person's sex assigned at birth and former name associated with that assigned sex.

7. "Listed sex" and "sex listed," also known as a "gender marker," mean the identification field on an Oklahoma birth certificate that refers to the sex or gender of the birth certificate subject.

8. "Change" with respect to identification fields on birth certificates, includes correct, fix, amend, modify, rectify, and all other meanings that capture an alteration from the original marking that is made for any reason including mistake, administrative error, or changed circumstances.

9. "Transgender" people refer to individuals whose gender identity differs from the sex they were assigned at birth.

10. "Gender Identity" means a person's core internal sense of their own gender. Every person has a gender identity, whether they are transgender or not.

11. "Present" shall have the broadest possible meaning to include not only the date any document request, response, and production is served but also the time when any party has an ongoing duty to supplement a response or production.

## INSTRUCTIONS

1. Defendants are hereby instructed to produce the requested documents, including all electronically stored information, subject to this Request for Production of Documents, in the form they are kept in the usual course of business.

2. These Requests are continuing in nature, up to and during the course of trial. This means that if, after the time of their initial responses, any Defendant learns that any response is or has become in some material respect incomplete or incorrect, Defendants must promptly supplement or amend their responses to the full extent required by Federal Rule of Civil Procedure 26(e) and the applicable local rules. Plaintiffs will object to any attempt to introduce evidence to the Court that should have been but was not disclosed in the responses or supplementation of the responses.

3. Each request seeks the requested documents in their entirety, without abbreviation or redaction, including all attachments or other matters affixed to them, except that names of non-party applicants for a change of the sex listed on their birth certificate, social security numbers, taxpayer identification numbers, financial account numbers, and addresses may be redacted.

4. Original and all non-identical copies of responsive documents, including all drafts, must be produced. If any Defendant is unable to produce the original of any document, that Defendant is requested to produce the best available copy and all non-identical copies, including drafts.

5. For all documents produced, please identify the names of the person from whose files the documents were produced.

6. No portion of a Document Request may be left unanswered because an objection is interposed to another part of that request. If any Defendant objects to any portion of a document request, that Defendant must state with specificity the grounds for the objection. Any objection based on unstated ground will be waived.

7. If any Defendant claims that Defendant is entitled wholly or partially to withhold a requested document because of a rule, privilege, immunity, or other reason, then that Defendant is requested to provide the following information for each document that is wholly or partially withheld:

    a. Identify the document by date, name, and title of the author; name(s) of the recipient(s); title of the document; and a description of the document without revealing information for which the privilege is claimed;

    b. State the basis for any privilege(s) pursuant to which production is refused; and

    c. In the case of any document concerning a meeting or conversation, state the date, place and subject matter of such meeting or conversation, and identify the persons who attended the meeting or participated in the conversation.

8. In the event that a responsive document has been destroyed or passed out of the custody or control of any Defendant, please provide the following information with respect to each such document:

   a. Title;
   b. Date;
   c. Author(s);
   d. Sender(s);
   e. Recipient(s);
   f. Current or last known custodian;
   g. All persons having knowledge or who had knowledge of the document;
   h. The type or topic of information that was contained in the document; and
   i. The full circumstances surrounding the document's disposition from Defendant's possession or control.

9. For purposes of interpreting or construing the scope of these Requests, all terms shall be given their most expansive and inclusive interpretation. This includes, without limitation, the following:

   a. Construing "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the Request more inclusive;
   b. Construing the singular form of the word to include the plural, and the plural form to include the singular;
   c. Construing the masculine to include the feminine, and vice versa;
   d. Construing the term "including" to mean "including but not limited to" and construing the term "all" to mean "any and all," and vice versa;

  e. Construing the term "each" to include "every," and construing "every" to include "each";

  f. Construing the use of a verb in any tense as the use of the verb in all other tenses;

  g. Construing and interpreting all spelling, syntax, grammar, abbreviations, idioms, and proper nouns to give proper meaning and consistency to their context.

10. Where any particular Request seeks information about a word or phrase that is contained in the Second Amended Complaint, or any later filed complaints, the Request is seeking information consistent with the meaning set forth in the operative complaint. If Defendants contend the meaning of a particular word or phrase is different than as set forth in the complaint, Defendants should include their intended meaning for the word or phrase.

## DOCUMENT REQUESTS

1. All documents regarding or relating to the Birth Certificate Policy.

2. All documents regarding or relating to the creation of the Birth Certificate Policy and the reasons for its creation, including all documents consulted, reviewed, exchanged, or relied upon in the course of its development.

3. All documents regarding or relating to the statement issued by Governor Stitt on or about October 21, 2021, in which he stated, "I believe that people are created by God to be male or female. Period."

4. All documents regarding or relating to the implementation of the Birth Certificate Policy, including all documents relating to interpretation of the Policy, enforcement of the Policy, compliance with the Policy, and the monitoring of compliance with the Policy.

5. All documents regarding or relating to the implementation and enforcement of the Birth Certificate Policy as to transgender people seeking to change the sex listed on their birth certificates from male to female or from female to male.

6. All documents regarding or relating to any policy alternatives to the Birth Certificate Policy that any Defendant considered, including prior to the implementation of the Birth Certificate Policy through the present.

7. All documents regarding or relating to any revision or contemplated revision to the Birth Certificate Policy after its creation through the present.

8. All documents regarding or relating to Executive Order 2021-24, including but not limited to:

   a. All documents regarding or relating to OSDH's compliance with the instruction in Executive Order 2021-24 to "[c]ease amending birth certificates that is in any way inconsistent with 63 O.S. § 1-321."

   b. All documents regarding or relating to OSDH's compliance with the instruction in Executive Order 2021-24 to "remov[e] from its website any reference to amending birth certificates that is inconsistent with its authority under 63 O.S. § 1-321."

   c. All documents regarding or relating to OSDH's compliance with the instruction in Executive Order 2021-24 to "[i]nform the Governor's office of any pending litigation that is related to amending birth certificates in Oklahoma," and

   d. All documents regarding or relating to OSDH's compliance with the instruction in Executive Order 2021-24 to "[p]rovide the Governor's office with any other information that OSDH feels is responsive to this Executive Order."

9. All documents constituting, regarding, or relating to any Defendant's communications with any other Oklahoma government official, including their agents, related to the Birth Certificate Policy.

10. All documents constituting, regarding, or relating to any Defendant's communications with any other Oklahoma government official, including their agents, related to Senate Bill 1100.

11. All documents reflecting any Defendant's communications with any other Oklahoma government official related to legislation "that changes in sex or gender on a birth certificate or a designation of non-binary is contrary to Oklahoma Law," as described in Executive Order 2021-24.

12. All documents supporting or otherwise relating to Defendants' contention that the Birth Certificate Policy serves a government interest in "protecting the integrity and accuracy of vital records, including by documenting birth information and classifying individuals based on the two sexes."

13. All documents supporting or otherwise relating to Defendants' contention that the Policy serves a government interest in "protect[ing] the interests of women."

14. All documents supporting or otherwise relating to any government interest that Defendants contend the Birth Certificate Policy serves.

15. All documents, including communications, concerning any connection between (a) the "resignation" of Lance Frye as Commissioner of the Oklahoma State Department of Health and (b) OSDH's actions with respect to *Lorelied v. Frye*, 5:20-cv-00619 (W.D. Okla.) or OSDH's policies or practices changing the listed sex on the birth certificates of transgender individuals to conform to their gender identity, on the other hand.

16. All documents regarding or relating to any policy or practice prior to the Birth Certificate Policy, whether formal or informal, governing whether or how to change the listed sex on Oklahoma birth certificates.

17. All documents referring or relating to each instance when Defendants have changed the listed sex on an Oklahoma birth certificate.

18. Every request that Defendants have received to change the listed sex on an Oklahoma birth certificate.

19. Every court order that Defendants have received ordering the change of the listed sex on an Oklahoma birth certificate.

20. Every Oklahoma birth certificate on which Defendants have changed the listed sex and all documents related to that change.

21. Every birth certificate for which Defendants have refused to change the listed sex after a request, and all documents related to that change having been considered or rejected.

22. Every Oklahoma birth certificate that Defendants have issued on which the listed sex is anything other than male or female.

23. For every Oklahoma birth certificate that Defendants have issued on which the listed sex is anything other than male or female, all documents referring or relating to the decision to use a listed sex other than male or female.

24. All documents regarding or relating to *Lorelied v. Frye*, 5:20-cv-00619 (W.D. Okla.), including its relationship to or connection with the Birth Certificate Policy.

25. Documents sufficient to show the organizational structure of the Oklahoma State Department of Health, including, but not limited to, organizational charts or other documents that identify the hierarchy of authority among positions and the responsibilities and duties associated

with each position, and the names and titles of employees who presently hold those positions and who held those positions over the last ten years.

26. All electronic communications—including emails, text messages, instant messages, chat messages, and internal messages on software platforms like Teams—sent on or after January 1, 2015 by or to any Oklahoma State Department of Health official or employee containing the words or phrases (singular and plural) "transgender," "transsexual," "nonbinary," "intersex," "gender transition," "gender reassignment," "sex reassignment," "gender identity," "gender dysphoria," "sex designation," "gender designation," "gender marker," "sex marker," "gender change," "sex transition," "cross dresser," "transvestite," or "sex change" within the same communication as the words or phrases "birth record," "certificate," or "vital statistics"—whether sent from or received in their official public accounts or their personal accounts but used in their official capacity.

27. All documents and communications regarding or relating to Plaintiffs.

28. All documents referenced in Defendants' initial disclosures.

29. All documents reviewed, consulted, or relied upon in the course of answering Plaintiffs' interrogatories.

Case 4:22-cv-00115-JWB-MTS   Document 42-2   Filed in USDC ND/OK on 01/11/23   Page 14 of 15

Respectfully submitted,

/s/ Christina Paek
Christina S. Paek*
Peter C. Renn*
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
800 South Figueroa Street, Ste. 1260
Los Angeles, CA 90017
Telephone: (213) 382-7600
Fax: (213) 402-2537
prenn@lambdalegal.org
cpaek@lambdalegal.org

Shelly L. Skeen*
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
3500 Oak Lawn Ave, Ste. 500
Dallas, TX 75219
Telephone: (214) 219-8585
sskeen@lambdalegal.org

Karen Keith Wilkins, OBA# 21005
1515 S. Denver Ave.
Tulsa, OK 74119
Telephone: (918) 599-8118
Fax: (918) 599-8119
karen@wilkinslawtulsa.com

*Attorneys for Plaintiffs*

*Admitted *pro hac vice*

13

**CERTIFICATE OF SERVICE**

      I hereby certify that January 3, 2023, a true and exact copy of this Request for Production of Documents has been served by email pursuant to the agreement of the parties:

Zach West, OBA #30768
 *Solicitor General*
Bryan Cleveland, OBA #33860
 *Deputy Solicitor General*
Audrey A. Weaver, OBA #33258
 *Assistant Solicitor General*
OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Zach.West@oag.ok.gov
Bryan.Cleveland@oag.ok.gov
Audrey.Weaver@oag.ok.gov

      /s/ Christina Paek
      Christina S. Paek
      LAMBDA LEGAL DEFENSE AND
      EDUCATION FUND, INC.
      800 South Figueroa Street, Suite 1260
      Los Angeles, CA 90017
      Telephone: (213) 382-7600
      Fax: (213) 402-2537
      cpaek@lambdalegal.org