# Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROWAN FOWLER, *et al.*,<br>      *Plaintiffs*,<br><br>v.<br><br>KEVIN STITT, *et al.*,<br>      *Defendants*. | Case No.: 22-CV-00115-GKF-SH |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and LCvR33-1 of the Local Civil Rules of Procedure of the United States District Court for the Northern District of Oklahoma, effective January 26, 2021, Plaintiffs request that all Defendants answer the following Interrogatories, in writing and under oath, and serve the answers and any objections on counsel for Plaintiffs within thirty (30) days of the date that appears on the attached Certificate of Service. These Interrogatories are continuing in nature as provided in Fed. R. Civ. P. 26(e) and should be answered in accord with the following Definitions and Instructions.

### DEFINITIONS

1. "Defendant," "Defendants," and "You" refer to Defendants Kevin Stitt, in his official capacity as the Governor of the State of Oklahoma and in his capacity as the person who oversees Oklahoma State Department of Health, Keith Reed, in his official capacity as the Commissioner of Health for the Oklahoma State Department of Health, and Kelly Baker, in her

1

official capacity as State Registrar of Vital Records, and in their official capacities as government officials for the State of Oklahoma, and these terms include all agents, employees, staff, officers, directors, independent contractors, consultants, and third parties, including individuals and entities, over whom Defendants have direct or indirect control for each Defendant, the Oklahoma State Department of Health, and the Oklahoma Office of Vital Statistics, as well as any other person or entity acting for or on behalf of any of the Defendants.

2. "Identify" has the following meanings:

   a. When used in reference to an individual, it means to state a person's full name, present or last known business address and business telephone number, present or last known employer and job title, e-mail address, and, if no business address or telephone number is available, present or last known home address and home telephone number.

   b. When used in reference to an oral communication, it means to describe the communication by stating the date and place where it was made; to identify the maker and each recipient in addition to all the other persons present; to summarize the substance of the communication, and to indicate the method of communication (in person, telephonic, etc.). Please note that when identifying the date of an oral communication, the precise date must be given. If only an approximate date is given, it will be presumed that Defendants have no specific knowledge as to the exact date.

      c.    When used in reference to a document or documentary evidence, it means to state the type of document (e.g., letter, memorandum, email, chart), its author and originator, its date or dates, all addressees and recipients, its present location or custodian, the topics dealt with therein with a degree of particularity sufficient for a demand for production, and any identifying marks, numerals, code words or letters distinguishing it from other like documents. If any such document was, but no longer is, in any Defendant's possession or subject to any Defendant's custody or control, state what disposition was made of it—for example, destruction or transfer to a different named individual or entity. Documents to be identified shall include all documents in any Defendant's possession, custody, or control and all of the documents of which any Defendant has knowledge. Defendants may supply a document in lieu of identifying it, so long as they clearly label the Document to indicate the Interrogatory to which the Document responds.

3.    "Person" shall mean any natural person or business, non-profit, legal or governmental entity or association.

4.    The terms "concerning," "showing," "regarding," and "relating to" include referring to, alluding to, responding to, connected with, commenting on, in respect of, about, discussing, summarizing, showing, describing, reflecting, analyzing, constituting, or in any which way relevant to the specified subject within the meaning of Fed. R. Civ. P. 26.

5. "Document" has the full scope and meaning of the term appearing in the Federal Rules of Civil Procedure and any applicable local rules and also means the original, each non-identical copy (whether different from the original by means of notes made on such copy or otherwise) and (if the original is not in existence or subject to any Defendant's control) each copy, regardless of origin or location, of any handwritten, typewritten, printed, recorded, transcribed, punched, taped, tape recorded, photocopied, photostatic, telex, filmed, microfilmed or otherwise prepared material, however produced or reproduced, which is in any Defendant's possession, custody or control, or in the possession, custody and control over whom any Defendant has the right of control, including, but not limited to, all papers, letters, correspondence, electronic mail, catalogs, advertisements, telegrams, telexes, cables, memoranda, or minutes of meetings of conversations (personal or telephonic), desk pads, calendars, diaries, telephone pads, travel and expense records, reports, summaries, surveys, analyses, ledgers, journals and other formal or informal books of record or account, bulletins, instructions, agreements, legal documents, billing records, telephone toll records, drafts, notebooks, worksheets, attorneys' and accountants' invoices, audits and audit records, purchase orders, accounting worksheets, time records, canceled checks, vouchers, check stubs and writing of every description, including drawings, post-it notes, graphs, charges, photographs, films, recordings, transcriptions of recordings, computer tapes and printouts, and other data or compilations from which information can be obtained and translated, if necessary, by any Defendant into a reasonably usable form.

6. "Birth Certificate Policy" and "Policy" mean the following: each Defendant's policy and practice of refusing to provide transgender people with birth certificates that match

their gender identity, including the refusal to correct the gender markers on transgender people's birth certificates to match their gender identity, and/or each Defendant's refusal to provide a birth certificate matching a transgender person's gender identity without the inclusion of revision history that discloses a person's transgender status, such as a person's sex assigned at birth and former name associated with that assigned sex.

7. "Listed sex" and "sex listed," also known as a "gender marker" means the identification field on an Oklahoma birth certificate that refers to the sex or gender of the birth certificate subject.

8. "Change" with respect to identification fields on birth certificates, includes correct, fix, amend, modify, rectify, and all other meanings that capture an alteration from the original marking that is made for any reason including mistake, administrative error, or changed circumstances.

9. "Transgender" people refer to individuals whose gender identity differs from the sex they were assigned at birth.

10. "Gender Identity" means a person's core internal sense of their own gender. Every person has a gender identity, whether they are transgender or not.

11. "Present" shall have the broadest possible meaning to include not only the date any interrogatory is served but also the time when any party has an ongoing duty to supplement a response.

## INSTRUCTIONS

1. Defendants are hereby instructed to provide complete and truthful answers, under oath, to these Interrogatories.

1. These Interrogatories are continuing in nature, up to and during the course of trial. This means that if, after the time of their initial responses, any Defendant learns that any response is or has become in some material respect incomplete or incorrect, Defendants must promptly supplement or amend their responses to the full extent required by Federal Rule of Civil Procedure 26(e) and the applicable local rules. Plaintiffs will object to any attempt to introduce evidence to the Court that should have been but was not disclosed in the responses or supplementation of the responses.

2. If Defendants cannot respond to any of the Interrogatories in full, then they are hereby instructed to respond to the extent possible, and to specify the reasons why each is unable to respond in full, and to provide whatever information Defendants do have concerning the Interrogatory, including the source(s) from which the information may be obtained.

3. No portion of any Interrogatory may be left unanswered because an objection is interposed to another part of that Interrogatory. If any Defendant objects to any portion of an Interrogatory, that Defendant must state with specificity the grounds for the objection. Any objection based on unstated grounds will be waived.

4. If any Defendant claims that Defendant is entitled wholly or partially to withhold an answer to an Interrogatory because of a rule, privilege, immunity, or other reason, that

Defendant is requested to provide the following information for each answer that is wholly or partially withheld:

   a. State the basis for privilege(s) pursuant to which the answer is refused;

   b. In the case of any answer relating to an oral communication, state the date, the place, and subject matter of such communication, and identify the persons who spoke and listened, and all other persons present; and

   c. If privilege is claimed as to a document, identify the document with sufficient particularity that it may be the subject of a motion to compel.

5. For purposes of interpreting or construing the scope of these Interrogatories, all terms shall be given their most expansive and inclusive interpretation. This includes, without limitation, the following:

   a. Construing "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the Interrogatory more inclusive;

   b. Construing the singular form of the word to include the plural, and the plural form to include the singular;

   c. Construing the masculine to include the feminine, and vice versa;

   d. Construing the term "including" to mean "including but not limited to" and construing the term "all" to mean "any and all," and vice versa;

   e. Construing the term "each" to include "every," and construing "every" to include "each";

   f. Construing the use of a verb in any tense as the use of the verb in all other tenses;

      g. Construing and interpreting all spelling, syntax, grammar, abbreviations, idioms, and proper nouns to give proper meaning and consistency to their context.

6. Where any particular Interrogatory seeks information about a word or phrase that is contained in the Second Amended Complaint, or any later filed complaints, the Interrogatory is seeking information consistent with the meaning set forth in the operative complaint. If Defendants contend the meaning of a particular word or phrase is different than as set forth in the complaint, Defendants should include their intended meaning for the word or phrase.

## INTERROGATORIES

1. Explain the exact process for the Oklahoma State Department of Health to change the sex listed on an Oklahoma birth certificate, including any requirements.

2. Set forth and explain in detail any and all circumstances in which Defendants will change the sex listed on Oklahoma birth certificates, including for the purpose of correcting an error.

3. Set forth and explain in detail any and all circumstances in which Defendants will change the information reflected on an individual's Oklahoma birth certificate, including whether the certificate is marked as amended.

4. Identify and specifically describe every instance in which a change to the sex listed on any Oklahoma birth certificate affected any interest that Defendants contend is served by the Birth Certificate Policy.

5. Set forth and explain in detail any and all government interests that Defendants contend that the Birth Certificate Policy serves.

6. Define precisely what Defendants contend constitutes "biological sex" in its position that the sex listed on Oklahoma birth certificates must reflect a biological sex designation.

7. Set forth and specifically describe what Defendants regard as "an error or misstatement of fact as to any non-medical information," Okla. Admin. Code 310:105-4-4, including any circumstance where that encompasses a change to the listed sex on an Oklahoma birth certificate.

8. Identify all current or former government officials involved in any change to the listed sex on an Oklahoma birth certificate from January 1, 2007 through the present.

9. Identify all persons who were and/or are now involved in the creation, implementation, or enforcement of the Birth Certificate Policy, including specifying these persons' roles.

10. Identify all persons who prepared or contributed to Defendants' responses to Plaintiffs' discovery requests (including interrogatories and requests for documents or admissions), the manner in which each person prepared or contributed to the response, including identifying the documents they reviewed, and the specific aspect of each request for which each person prepared or contributed to the response.

11. State, by year, the number of individuals for whom the Oklahoma State Department of Health changed the listed sex on their Oklahoma birth certificates.

12. State, by year, the number of transgender individuals for whom the Oklahoma State Department of Health changed the listed sex on their Oklahoma birth certificates. For purposes of

this interrogatory, a transgender individual includes any person who communicated information to the Oklahoma State Department of Health that reasonably indicates they are transgender.

Respectfully submitted,

/s/ Christina Paek
Christina S. Paek*
Peter C. Renn*
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
800 South Figueroa Street, Ste. 1260
Los Angeles, CA 90017
Telephone: (213) 382-7600
Fax: (213) 402-2537
prenn@lambdalegal.org
cpaek@lambdalegal.org

Shelly L. Skeen*
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
3500 Oak Lawn Ave, Ste. 500
Dallas, TX 75219
Telephone: (214) 219-8585
sskeen@lambdalegal.org

Karen Keith Wilkins, OBA# 21005
1515 S. Denver Ave.
Tulsa, OK 74119
Telephone: (918) 599-8118
Fax: (918) 599-8119
karen@wilkinslawtulsa.com

*Attorneys for Plaintiffs*

*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

   I hereby certify that January 3, 2023, a true and exact copy of this Set of Interrogatories has been served by email pursuant to the agreement of the parties:

Zach West, OBA #30768
 *Solicitor General*
Bryan Cleveland, OBA #33860
 *Deputy Solicitor General*
Audrey A. Weaver, OBA #33258
 *Assistant Solicitor General*
OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Zach.West@oag.ok.gov
Bryan.Cleveland@oag.ok.gov
Audrey.Weaver@oag.ok.gov

               /s/ Christina Paek
               Christina S. Paek
               LAMBDA LEGAL DEFENSE AND
               EDUCATION FUND, INC.
               800 South Figueroa Street, Suite 1260
               Los Angeles, CA 90017
               Telephone: (213) 382-7600
               Fax: (213) 402-2537
               cpaek@lambdalegal.org