UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROWAN FOWLER; ALLISTER HALL; and CARTER RAY,<br><br>*Plaintiffs*,<br><br>v.<br><br>KEVIN STITT, in his official capacity as Governor of the State of Oklahoma; KEITH REED, in his official capacity as Commissioner of Health for the Oklahoma State Department of Health; and KELLY BAKER, in her official capacity as State Registrar of Vital Records,<br><br>*Defendants*. | Case No.: 22-CV-00115-GKF-SH |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

The principal thrust of Defendants' motion to stay discovery is that their motion to dismiss may dispose of the case—but that is true for every motion to dismiss that any defendant files in any case. For good reason, courts in this district and elsewhere have recognized that this is an insufficient basis for staying discovery: presuming that motions to dismiss will be granted would bring most civil litigation to a standstill and prejudice the ability of plaintiffs to timely prosecute their claims and secure expeditious relief. The stakes are even higher when the injuries at issue are of constitutional dimension because the deprivation of constitutional rights inflicts irreparable harm. Meanwhile, the only "burden" to which Defendants point—responding to written discovery—is one that any party in any case must satisfy, from the most routine slip-and-fall matter to the most complex commercial litigation. It falls far short of the clear showing of hardship and inequity required to justify a stay here. And both the public interest and judicial economy also weigh in favor of allowing discovery to proceed in the ordinary course to facilitate

1

the prompt resolution of this case on the merits.

## ARGUMENT

Defendants have sought extraordinary relief that courts in this district have recognized is generally inappropriate. "Courts have expressed the general rule that discovery should not be stayed even though a motion to dismiss is pending." *Martin v. Amvest Osage, Inc.*, No. 04-CV-572-HDC-PJC, 2005 WL 8174894, at *2 (N.D. Okla. May 9, 2005); *accord United States v. Springer*, No. 08-CV-278-TCK-PJC, 2009 WL 511035, at *2 (N.D. Okla. Feb. 27, 2009) ("It is not this Court's general practice to stay discovery pending ruling on a motion to dismiss"); *TSM Assocs., LLC v. Tractor Supply Co.*, No. 08-cv-230-JHP-FHM, 2008 WL 2404818, at *1 (N.D. Okla. Jun. 11, 2008) (holding that "in the usual case discovery is not stayed" simply because a motion to dismiss is pending); *Melton Truck Lines, Inc. v. Indem. Ins. Co. of N. Am.*, No. 04-CV-263-JHP-SAJ, 2005 WL 8175525, at *5 (N.D. Okla. Jul. 14, 2005) ("The Court rarely stays discovery pending a decision on a motion to dismiss."). As this Court observed, "[a]lthough it is within a district court's discretion to stay discovery pursuant to Rule 26(c) pending the outcome of a dispositive motion, such stays are not routinely granted by this Court or other district courts within the Tenth Circuit." *Hellard v. Mid Century Ins. Co.*, No. 19-CV-43-GKF-FHM, 2019 WL 11791771, at *1 (N.D. Okla. Apr. 10, 2019) (quotes omitted).

I.   **Defendants Fail to Demonstrate a Case of Clear Hardship or Inequity as Required to Justify a Stay Here.**

In situations where there is even a "fair possibility" that a stay may cause damage to someone else, the moving party "must make out a case of clear hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *accord Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) ("where a movant seeks relief that would delay court proceedings by other litigants he must

2

make a strong showing of necessity because the relief would severely affect the rights of others"). Indeed, the Tenth Circuit has stressed that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n*, 713 F.2d at 1484 (quotes omitted). Defendants have failed to come close to satisfying their burden of showing that "extreme circumstances" exist here to justify a stay.

No matter how this Court ultimately rules on the motion to dismiss, there is no doubt that, at a bare minimum, there is at least a "fair possibility" that a stay may cause harm to transgender people like Plaintiffs. *Landis*, 299 U.S. at 255. The fact that every modern court to have confronted the issue has held that it is unconstitutional to deny transgender people of identity documents that match their gender identity, *see* ECF No. 33 (Pls.' Resp. to Mot. to Dismiss) at 4-5, is a testament to that reality. Indeed, this Court has already recognized the significance of what is at stake in this litigation. *Cf.* ECF No. 37 at 2 ("The court acknowledges that the interests underlying the parties' competing positions are significant. The public has a substantial interest in access to legal proceedings, especially those as impactful as the one here."). While there may be cases where a plaintiff has raised patently frivolous claims, and a stay of discovery may therefore be appropriate in those rare situations, this case is not one of them.

Meanwhile, Defendants have failed to demonstrate a "case of clear hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Defendants point only to Plaintiffs' written discovery requests—but satisfying "the usual burdens of discovery present in every case" is an insufficient basis to justify a stay of discovery pending resolution of a motion to dismiss. *TSM Assocs.*, 2008 WL 2404818, at *1 (denying motion to stay discovery). Otherwise, all civil litigation would grind to a halt any time any defendant files a motion to dismiss. And the purported hardship here of principally requiring vital statistics officials to respond to written

discovery is a far cry from requiring the sitting President of the United States, for example, to participate in discovery (which, notably, can also be required).  ECF No. 42 (Mot.) at 3 (citing *Clinton v. Jones*, 520 U.S. 681 (1997)).

The absence of any actual hardship is painfully evidenced by the fact that Defendants must resort to speculating about imagined burdens that may never materialize and purported disputes that have not ripened.  For instance, Defendants complain about subpoenas to third parties that Plaintiffs have never drafted (and which would not burden Defendants in any event). Mot. at 5.  Likewise, Defendants prematurely complain about the *scope* of Plaintiffs' discovery requests, such as the definition of a party to include agents under the party's control, and the timeframe for document requests that encompasses a subset of the time when the preexisting birth certificate policy (which Defendants contend supposedly caused harm) was in effect.  Mot. at 4.  But Defendants have never met and conferred with Plaintiffs about those issues (as required by LCvR37-1) and instead unveiled those objections for the first time when filing their motion.  The motion itself confirms that Defendants only sought Plaintiffs' position on a categorical stay of all discovery—not the scope of any particular request.  A party cannot file or threaten premature discovery motions and then turn around and rely on that conduct to argue that it would conserve judicial resources to simply stay all discovery instead.  *Cf.* Mot. at 5.

Furthermore, Defendants' asserted government interests (promoting accuracy and protecting women) are the same regardless of which claims are at issue.  Thus, Defendants' argument that the scope of discovery would be impacted if this Court were to grant the motion to dismiss in part has no logical foundation.  Discovery into the Defendant's purported justifications for the current birth certificate policy would be required in any event.

Because Defendants have failed to make the required threshold showing of a clear

hardship or inequity, a stay must be denied on this basis alone.

**II. A Stay Would Prejudice Plaintiffs by Delaying the Adjudication of Constitutional Claims and Blocking Relief for Constitutional Violations.**

Even if Defendants could show clear hardship and inequity from needing to respond to written discovery, a stay of discovery would be inappropriate because it would undercut Plaintiffs' ability to prosecute their claims in a timely manner and to obtain ultimate relief on the merits. First and foremost, what's ultimately at stake here includes no less than "being free from harassment and violence," as this Court has already observed. ECF No. 37 at 2. Transgender people like Plaintiffs face real-life dangers that dwarf any conceivable burden on Defendants or, more precisely, their counsel in preparing responses to written discovery requests. The denial of identity documents consistent with one's gender identity also inflicts practical harms on Plaintiffs in routine affairs, from interacting with financial institutions to accessing health care, and prevents them from participating in public life on an equal basis as others. ECF No. 41 (Second Am. Compl.) ¶¶ 86-88, 102, 121.

Moreover, delaying discovery would delay the ultimate adjudication of Plaintiffs' constitutional claims, and it is well-settled law that the ongoing deprivation of constitutional rights inflicts irreparable injury. *See, e.g.*, *Free the Nipple-Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792, 805-06 (10th Cir. 2019) (holding that an equal protection violation constitutes irreparable harm); *Awad v. Ziriax*, 670 F.3d 1111, 1119 (10th Cir. 2012) (same for First Amendment violation); *see also F.V. v. Barron*, 286 F. Supp. 3d 1131, 1145 (D. Idaho 2018) (recognizing that denying transgender people birth certificates consistent with their gender identity inflicts irreparable injury). In order to prosecute their constitutional claims, Plaintiffs have a right to discover the purported factual basis for Defendants' contention that their policy is justified by an interest in promoting accuracy and protecting women.

Defendants assert that Plaintiffs face no prejudice because no scheduling order has yet been issued. But the mere absence of a discovery cut-off does not change the reality that discovery nonetheless takes time to conduct. Indeed, Defendants agreed that there should be no fewer than 8 months to conduct discovery. ECF No. 26 at 4. Delaying the start of discovery inevitably delays the completion of discovery.

### III. A Stay of Discovery Would Neither Serve the Public Interest nor the Transgender People Whose Lives Remain in Limbo Pending the Ultimate Resolution of this Case.

A stay of discovery also cannot be justified on the grounds that it would promote the public interest. As a threshold matter, "[t]he public has an interest in . . . the prompt resolution of civil cases." *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1242 (N.D. Okla. 2003) (quotes omitted). Furthermore, when opposing the motion for one plaintiff to proceed pseudonymously, Defendants argued that the public has a right to know the details of this litigation. ECF No. 25 at 4 (arguing that the public interest in access to legal proceedings is "at its highest" when the constitutionality of the actions of elected officials is at issue). If that is true, foreclosing all discovery into the government's justifications for its current policy would do even greater damage to the public interest. Thus, far from lowering the burden that Defendants must satisfy to justify a stay, *cf.* Mot. at 5 (arguing that a stay is justified simply because defense counsel are public employees), the fact that the actions of government officials are at issue heightens the public interest in ensuring that discovery remains open.

Similarly, a stay would undermine the interest of all the transgender people whose safety, dignity, and ability to navigate through life are jeopardized by Defendants' current birth certificate policy and who have an interest in the timely resolution of this case. Again, Defendants previously conceded the point when opposing the motion for a plaintiff to proceed pseudonymously. ECF No. 25 at 4 (arguing that "the challenger seeks not to merely vindicate

6

the rights of private parties but the public at-large"). Delay negatively impacts all individuals with an interest in the outcome of this case, including the public.

**IV. A Stay Would Cause Needless Delay and Undermine Judicial Economy.**

Finally, a stay would not promote judicial economy but, rather, risk needlessly prolonging the ultimate resolution of this case. Courts cannot predict in advance which motions to dismiss it will grant and which motions to dismiss it will deny. Thus, even while a motion to dismiss is pending, the default rule—which promotes judicial efficiency—is that discovery is open. Fed. R. Civ. P. 26(d)(1). Otherwise, a huge swath of civil litigation would be significantly delayed by discovery stays that ultimately proved unnecessary and delayed the resolution of the case. Indeed, in many civil cases, discovery itself can promote the informal resolution of litigation by allowing the parties to better evaluate their relative strengths and weaknesses. In any event, even where the Court must ultimately adjudicate the merits, delaying the start of discovery only lengthens the amount of time that a case remains pending.

## CONCLUSION

Defendants fail to differentiate this case from any other case where a motion to dismiss is pending and where courts uniformly recognize that discovery should nonetheless proceed. They cannot make out the required threshold showing of clear hardship or inequity from merely participating in discovery. And even if they could, the harm to Plaintiffs, to the public interest, and to judicial economy would all weigh against a stay of discovery and in favor of the timely resolution of this case on the merits.

DATED: January 18, 2023

Respectfully submitted,

/s/ Peter C. Renn
Peter C. Renn*
Christina S. Paek*
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
4221 Wilshire Boulevard, Ste. 280
Los Angeles, CA 90010
Telephone: (213) 382-7600
Fax: (213) 402-2537
prenn@lambdalegal.org
cpaek@lambdalegal.org

Shelly L. Skeen*
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
3500 Oak Lawn Ave, Ste. 500
Dallas, TX 75219
Telephone: (214) 219-8585
Fax: (214) 481-9140
sskeen@lambdalegal.org

Karen Keith Wilkins, OBA# 21005
1515 S. Denver Ave.
Tulsa, OK 74119
Telephone: (918) 599-8118
Fax: (918) 599-8119
karen@wilkinslawtulsa.com

*Attorneys for Plaintiffs*

*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on January 18, 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to all ECF registrants, including Defendants Kevin Stitt, Keith Reed, and Kelly Baker.

/s/ Peter C. Renn
Peter C. Renn