UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROWAN FOWLER, *et al.*, | | |
| *Plaintiffs,* | | |
| v. | No. 22-CV-00115-GKF-SH | |
| KEVIN STITT, *et al.*, | | |
| *Defendants.* | | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

In their Response, Plaintiffs more or less assume that because discovery stays are not favored as a "general rule," they are never appropriate. Doc. 47 at 2 (citation omitted). Plaintiffs are mistaken, and this Court's precedents do not demand the unforgiving standard that Plaintiffs tout. To support their arguments, Plaintiffs invoke precedent concerning requests to stay *all court proceedings* in order to manufacture an artificially high standard for Defendants to overcome. *See id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936), and *Commodity Future Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)). Of course, staying discovery pending resolution of a dispositive motion and staying an entire case indefinitely "to abide the proceedings in another," *Landis*, 299 U.S. at 255, are quite different things. *See also Commodity Future Trading*, 713 F.2d at 1480. Staying an entire court proceeding denies the right to proceed in court, staying discovery does not. This Court should disregard Plaintiffs' inapposite legal authorities and manufactured standards.

When it comes to staying discovery—the requested relief at issue—this Court has clearly described the applicable standard and relevant factors. *See* Doc. 42 at 3 (citing *Hellard v. Mid Century Ins. Co.*, 19-CV-43-GKF-FHM, 2019 WL 11791771, at *1 (N.D. Okla. Apr. 10, 2019), and *Samson Res. Co. v. J. Aron & Co.*, 08-CV-752-TCK-SAJ, 2009 WL 1606564, at *1 (N.D. Okla. June 8, 2009)). Relying solely on *Landis* and *Commodity Future Trading*, Plaintiffs cite no on-point authority whatsoever to support their contentions that Defendants need to establish "clear hardship or inequity," "extreme

1

circumstances," or "patently frivolous claims" merely to support a request to stay discovery pending resolution of a motion to dismiss. Doc. 47 at 2-3; *see also id.* at 2 (inaccurately describing the request to stay discovery pending resolution of the motion to dismiss as "extraordinary relief . . . ."). Additionally, Defendants provided citations to cases where courts granted discovery stays in circumstances far beyond those involving the President, including cases before this Court. *Compare* Doc. 42 at 3 (citing *Hellard*, 2019 WL 11791771 and *Samson Res. Co.*, 2009 WL 1606564), *with* Doc. 47 at 3-4 (criticizing Defendants for citing *Clinton v. Jones*, 520 U.S. 681 (1997)).

This Court should also disregard Plaintiffs' speculation that a discovery stay will somehow "delay the ultimate adjudication of Plaintiffs' constitutional claims . . . ." Doc. 47 at 5. Plaintiffs provide nothing to support their contention that a stay will delay the adjudication of their claims, or prevent them from "prosecut[ing] their constitutional claims . . . ." *Id.*; *see also id.* at 7 (alleging "a stay would not promote judicial economy but, rather, risk needlessly prolonging the ultimate resolution of this case."). To the contrary, a stay will result in more efficient adjudication here. *See* Doc. 42 at 4-5 (explaining that "[a] stay will allow this Court to focus its time and effort on the task of resolving the pending Motion to Dismiss, without the interruption of ancillary discovery disputes"). And in the event this Court grants Defendants' Motion to Dismiss, a discovery stay would undeniably lead to the most efficient "resolution of this case." Doc. 47 at 7. Plaintiffs at times rely on their view that they are likely to succeed on the merits to oppose a stay, but it is of course Defendants' view that the likelihood of success on the merits here cuts *against* beginning the discovery process.

But even if this Court does not ultimately dismiss all of Plaintiffs' claims, Plaintiffs provide nothing to support their assumption that "delaying the start of discovery only lengthens the amount of time that a case remains pending." *Id.* Instead, the Court's ruling on the Motion to Dismiss will likely give the parties helpful clarity on the proper scope of discovery and which questions of fact, if any, remain. This would allow the parties to craft much more effective and appropriate discovery

2

requests and thus potentially reduce the length of the discovery process. It is also possible that delaying discovery until a ruling on the dispositive motion will itself "promote the informal resolution of litigation by allowing the parties to better evaluate their relative strengths and weaknesses." *Id.*

Moreover, even if a discovery stay may lead to some nominal delay due to the unremarkable fact that "discovery . . . takes time to conduct," this fact alone hardly renders a stay prejudicial, nor justifies the undue burden and prejudice that allowing discovery to continue at this juncture would impose on Defendants. *Compare id.* at 6 *with* Doc. 42 at 4-5. Take, for example, the Western District of Oklahoma, whose Local Rules provide that "if a motion has been made pursuant to Fed. R Civ. P. 12(b), *no party may seek discovery from any source before that motion has been decided* and all moving parties have filed an answer or been dismissed from the case." LCvR26.3(a) (W.D. Okla.) (emphasis added). When other federal courts in Oklahoma *automatically* stay discovery upon the filing of a motion to dismiss, it is difficult to contend that a discovery stay itself is somehow prejudicial. Therefore, Plaintiffs have failed to establish a discovery stay will unduly prejudice them or their ability to proceed in court.

To be sure, mistaking hyperbole for legal argument, Plaintiffs also speculate that a mere stay in discovery will somehow result in "harm to transgender people like Plaintiffs . . . ." Doc. 47 at 3; *see also id.* at 5 (implying that a discovery stay may result in "harassment and violence" and "real-life dangers . . . ."). Plaintiffs provide nothing to support these alleged harms, nor could they. If the supposed harm caused by the State's refusal to amend a birth certificate was so catastrophic, Plaintiffs would have presumably moved for preliminary injunctive relief. They chose not to. As a result, they cannot import the irreparable harm analysis of an injunction request to this request for a simple stay of discovery. *Cf. id.* at 5 (citing cases that discussed injunctive relief, such as *Free the Nipple-Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792, 805-06 (10th Cir. 2019)). In other words, Plaintiffs' speculation on harm is irrelevant to this Court's determination of the Motion.

More importantly, Plaintiffs' complaints of alleged harm collapse into a disagreement with Oklahoma's Birth Certificate Law, a disagreement that will remain regardless of whether this Court grants the requested relief. There is no causal connection between the supposed harms Plaintiffs complain of and the fact Plaintiffs may need to wait until a dispositive motion is decided to conduct discovery. It could likewise be argued that *any* discovery stay in *any* case "would undermine the interest of" the plaintiffs involved in a lawsuit and "negatively impact all individuals with an interest in the outcome of [the] case . . . ." *Id.* at 6-7. All plaintiffs believe their lawsuits and interests are important. Yet, the fact that a plaintiff doesn't like the notion of a stay doesn't render it improper or unjustified. Again, Plaintiffs have failed to establish a discovery stay will prejudice the ultimate and efficient adjudication of the merits, and Plaintiffs' complaints have no bearing on whether a discovery stay is appropriate.

As to Plaintiffs' uncited allegation that the "public interest" favors "ensuring that discovery remains open[,]" Defendants cannot locate binding authority recognizing such an interest, unlike the public interest in accessing judicial records. *See id.* at 6. As the Supreme Court and Tenth Circuit have explained: "pre-trial depositions and interrogatories are not public components of a civil trial." *Oklahoma Hosp. Ass'n v. Oklahoma Pub. Co.*, 748 F.2d 1421, 1425 (10th Cir. 1984) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). Because pre-trial discovery is not conducted in public, "[t]he same factors that support access to judicial records and other public documents . . . simply are not implicated . . . ." *Id.* (citation omitted). The Northern District of Oklahoma has echoed this position, observing that "courts have held that '[a]s a general proposition, there is no public right of access to evidence obtained in the discovery process prior to use in public hearings or trial.'" *Burke v. Glanz*, 11-CV-720-JED-PJC, 2013 WL 211096, at *5 (N.D. Okla. Jan. 18, 2013) (citation omitted). Plainly, staying non-public pre-trial discovery does not implicate, let alone prejudice, any public interest in accessing judicial records. *See also supra* at 3 (citing LCvR26.3(a) (W.D. Okla.)).

4

Plaintiffs also ignore the fact that Defendants raised much more than "the usual burdens of discovery present in every case . . . ." Doc. 47 at 3 (citation omitted). In this case, unnecessary discovery involves an undue burden against the State, which in turn imposes an undue expense on the taxpayers. *See* Doc. 42 at 5. Plaintiffs also glide past the particularly onerous burdens inflicted by their overly broad discovery requests here, which are relevant to this Court's determination of the propriety of a stay. *See id.* at 3 (citing *Hellard*, 2019 WL 11791771 at *1). This contrasts with the defendant in *TSM Associates, LLC v. Tractor Supply Co.*, 08-CV-230-JHP-FHM, 2008 WL 2404818, at *1 (N.D. Okla. June 11, 2008), cited by Plaintiffs, who had "not argued that discovery in this case will be overly burdensome." Instead of responding to this argument, Plaintiffs describe it as "premature[]" and chide Defendants for raising the over-breadth of their discovery requests "for the first time when filing their motion." Doc. 47 at 4. In addition to missing the import of Defendants' critique, this statement ignores the fact that any attempt to resolve such discovery disputes would itself be burdensome and time-consuming—the very thing Defendants are trying to avoid with this Motion. Nor does the fact that Defendants acquiesced to Plaintiffs' requested discovery timeline concede that discovery is appropriate in the first place, let alone while a dispositive motion is pending. *Compare id.* at 6 *with* Doc. 26 at 4 (describing Defendants' position that discovery should be stayed pending resolution of the Motion to Dismiss but that "*[w]ithout waiving the same*, the parties jointly request discovery to be no fewer than 8 months . . . .") (emphasis added).

Finally, Plaintiffs likewise ignore the fact that resolution of their constitutional claims involves little to no fact-finding whatsoever. *See* Doc. 42 at 3-4; *see also* Doc. 24 at 15-17 & Doc. 38 at 6-7 (explaining that rational basis review requires a court to uphold a law so long as the state articulates any conceivable basis supporting it). Contrary to Plaintiffs' conclusory assertions, they do not "have a right to discover the purported factual basis for Defendants' contention that their policy is justified by an interest in promoting accuracy and protecting women." Doc. 47 at 5. Even if Plaintiffs could

establish intermediate scrutiny applies here, "[i]ntermediate scrutiny does not allow courts 'to substitute [their] judgment of what is desirable for that of Congress, or [their] own evaluation of evidence for a reasonable evaluation by the Legislative Branch.'" Doc. 38 at 6 (quoting *Rostker v. Goldberg*, 453 U.S. 57, 68, (1981)). In other words, it is not the province of this Court or Plaintiffs to probe legislative motives, second-guess the wisdom of legislative choices, or create questions of fact about whether a law is "capable of achieving its ultimate objective in every instance." *Tuan Anh Nguyen v. INS*, 533 U.S. 53, 70 (2001); *see also City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425, 437 (2002) (stating the government "does not bear the burden of providing evidence that rules out every theory . . . that is inconsistent with its own"). This, Plaintiffs concede, is all they hope to gain from discovery. *See* Doc. 47 at 4 & 6 (describing Plaintiffs' intent to conduct "discovery into the government's justifications for its current policy . . . ."). In sum, this Court need not greenlight discovery for Plaintiffs to go on a fishing expedition for evidence that carries little, if any, weight.

For these many reasons, in addition to the reasons set forth in Defendants' Motion to Stay, Doc. 42, Defendants respectfully request this Court stay all discovery pending resolution of Defendants' Motion to Dismiss.

Respectfully submitted,

*s/ Audrey A. Weaver*
GARRY M. GASKINS, II, OBA #20212
  *Solicitor General*
ZACH WEST, OBA #30768
  *Director of Special Litigation*
AUDREY A. WEAVER, OBA #33258
  *Assistant Solicitor General*
OFFICE OF ATTORNEY GENERAL
  STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:    (405) 521-3921
Zach.west@oag.ok.gov
Audrey.weaver@oag.ok.gov
Garry.gaskins@oag.ok.gov
*Counsel for Defendants*

6

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of January, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants with entries of appearance filed of record.

s/*Audrey A. Weaver*
Audrey A. Weaver
