IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROWAN FOWLER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KEVIN STITT, et al.,<br><br>    Defendants. | Case No. 22-CV-115-GKF-SH |

## ORDER

Before the court is the Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss [Doc. 42] filed by defendants. For the reasons set forth below, the motion is granted.

Plaintiffs in this case challenge the constitutionality of the State of Oklahoma's policy of prohibiting transgender people born in Oklahoma from changing the gender marker on their birth certificates to match their gender identity. Plaintiffs claim this policy violates their First Amendment rights and their rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment. In the instant motion, defendants ask the court to stay discovery while their motion to dismiss is pending.

Defendants move pursuant to Federal Rule of Civil Procedure 26(c), which governs motions for protective orders. Rule 26(c) provides that a protective order may be issued "for good cause" and "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "Although it is within a district court's discretion to stay discovery pursuant to Rule 26(c) pending the outcome of a dispositive motion, such stays are not routinely granted by this Court or other district courts within the Tenth Circuit." *Stephenson Oil Co. v. Citgo Petroleum Corp.*, No. 08-CV-380-TCK-SAJ, 2008 WL 5412816, at *2 (N.D. Okla.

Dec. 30, 2008) (citations omitted).  When considering a motion to stay discovery, courts will consider factors such as "(1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Hellard v. Mid Century Ins. Co.*, 19-CV-43-GKF-FHM, 2019 WL 11791771, at *1 (N.D. Okla. Apr. 10, 2019) (citations omitted).

Upon review of the parties' submissions, the court finds good cause to stay discovery pending the court's decision on defendants' motion to dismiss.  In reaching this finding, the court has considered the following.  First, the potential prejudice to plaintiffs of a delay is minimal. Pursuant to Fed. R. Civ. P. 16(b)(2), the court found good cause to delay entry of a scheduling order pending a decision on defendants' motion to dismiss.  As a result, plaintiffs are not at risk of having their time to complete discovery cut short while defendants' motion to dismiss is pending. Second, if defendants' motion to dismiss is granted in whole or in part, then the scope of discovery will be correspondingly limited, and a stay will prevent undue burden on defendants and cost to the parties.  Third, it is clear from the parties' briefs on this issue that discovery disputes are likely to arise should this case proceed beyond the motion to dismiss stage.  Staying discovery pending the court's decision on defendants' motion to dismiss will allow the court to focus on that motion to dismiss without also reviewing discovery disputes.[1]  In addition, a resolution of the motion to dismiss, should the case proceed, will help focus any future discovery disputes to the remaining issues.  Fourth, a stay may obviate the need for plaintiffs to obtain discovery from non-parties. Plaintiffs state that they have not drafted any subpoenas to third parties, [Doc. 47, p. 4], but do not

---

[1] The court continues to shoulder a significant number of criminal cases on its monthly trial dockets in the wake of *McGirt v. United States*, 140 S. Ct. 2452 (2020), and due to two currently vacant district judge positions.  Matters in criminal cases must generally be addressed before matters in civil cases and matters in civil cases will most likely not be addressed by the court unless and until all criminal cases on a monthly trial docket have been resolved or continued.

foreclose the possibility that they may do so in the future. Finally, although the public has an interest in the prompt resolution of this case, the public also has an interest in limiting the cost to taxpayers. As stated above, a decision on defendants' motion to dismiss may resolve the case or limit the claims that move forward, thus limiting the scope of discovery and the associated cost of responding to discovery requests.

WHEREFORE, defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss [Doc. 42] is granted.

IT IS SO ORDERED this 25th day of January, 2023.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE